# Kiern *versus* Ainsworth.

1. Where a cause was tried on a plea which does not appear of record, it may be shown by parol and by the charge of the court that such a plea was allowed and not reduced to writing.

2. Where one party to an action sets up under a plea of accord and satisfaction a note held by the other, he will be estopped from making a defence in an action on the note.

October 4th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1880, No. 2.

[Kiern v. Ainsworth.]

This was an action upon one of ten judgment notes brought by Elizabeth A. Ainsworth, for the use of her children, against Henry Kiern. Judgment was entered upon the notes, but upon application of Kiern they were opened and he let into a defence. The notes were given by Kiern to the husband of the plaintiff on an occasion when Kiern was detected by Ainsworth in illicit relations with the plaintiff, his wife. Ainsworth subsequently brought an action of *crim. con.* against Kiern, and obtained a judgment thereon for $62.50.

At the trial of the present case, Kiern offered, without objection, the record in the action of *crim. con.*, and proposed to show that the notes in suit were given because of the same matter, and claimed that the judgment therein constituted an absolute defence to a recovery on the notes.

The record in said suit did not show that there was a plea of accord and satisfaction therein, but the plaintiff was permitted to offer testimony to show that by leave of court such a plea had been allowed but not reduced to writing. And also to prove the charge of the court to show that the defendant had set up the notes as a settlement of the alleged damages.

The court instructed the jury to find for the plaintiff. The defendant then took this writ, and alleged that the court erred (fifth specification of error) in allowing the plaintiff to introduce the testimony above referred to.

*Robert Pollock*, for plaintiff in error.—The entire claim of the plaintiff below was embraced in the issue in the *crim. con.* case, and the verdict and judgment in that case are conclusive in all matters embraced therein. If the defendant in the *crim. con.* case did not give the judgment notes in evidence on the trial, then he is not estopped from setting up the record of that case in bar in a future trial for the same cause of action, and he offered to prove this by a witness present. It cannot be urged that because the notes were offered in evidence on behalf of the plaintiff in that case, to show that the defendant acknowledged his guilt, that therefore the defendant, Kiern, was estopped from setting up the record of that case as a bar in the note cases. Yet in this one proposition lies this whole case.

*J. S. Ferguson*, for defendant in error.—In the trial of this case we claimed no technical estoppel against the defendant; but we did claim, that as he had in open court solemnly affirmed his liability upon the note in suit, and had received the full benefit of that affirmation upon his own showing, and neither gave nor attempted to give any evidence to show that he was not liable, the plaintiff, under all the evidence, was entitled to recover.

[Kiern *v.* Ainsworth.]

The judgment of the Supreme Court was entered, October 18th 1880,

Per Curiam.—The first and second errors assigned are not material, and have not been insisted on.  The material and only material question in the case is, whether the defendant below having relied in his action of *crim. con.* upon the ten notes given in favor of Mrs. Ainsworth as a settlement of plaintiff's claim, and having filed a plea of accord and satisfaction in that case setting up these notes as received in full payment and satisfaction, was estopped thereby from taking defence in this case that they were given under coercion, and were invalid.  The rule is *nemo allegans contraria audiendus est.*  We are of opinion on the whole evidence that the direction of the learned judge below to the jury to find a verdict for the plaintiff was right.

Judgment affirmed.